NO. 3039

<u>CONSTRUCTION OF ARTICLES 1645, 1651 and 1672,</u>

<u>REVISED CIVIL STATUTES</u>

<u>OF TEXAS</u>

Opinion construing Articles 1645, 1651 and 1672, R.
C.S. of Texas, and holding:

1. The salary of County Auditor of Limestone
County is set by Article 1645.

2. Article 1651 limits the duties of county
Auditor only to matters wherein the funds
and property are "for the use of, and be-
longing to, the county".

3. The County Auditor of Limestone County is
not entitled to the salary provided in
Article 1672.

_____

OFFICE OF THE ATTORNEY GENERAL

February 25, 1939

Hon. L.L. Geren, County Attorney
Limestone County
Greesbeck, Texas

Dear Sir:

   Opinion No. 0-275
   Re: Salary of County Auditor in Limestone
   County.

   Your request for an opinion as to whether the
County Auditor of Limestone County is entitled to the com-
pensation provided in Article 1672 and as to what the mini-
mum and maximum salary is for the County Auditor of Lime-
stone County, has been received by this office.

   In your letter you state that Limestone County
has a population of 39,497 according to the 1930 Federal
Census and that the last approved tax roll shows a tax
valuation of $17,289,770.00.

   Article 1645 provides for the appointment of a
County Auditor in counties having a population of 35,000
inhabitants or more and provides for his salary. This
article states that the salary shall be $125.00 per year
for each million dollars assessed valuation. By reason
thereof, the salary of the County Auditor for overseeing
the affairs of the county, would be seventeen (17) times
$125.00 or the sum of $2125.00.

   The duties of the County Auditor are generally
defined in Article 1651, wherein it is provided that they
shall have oversight over funds expended and collected
for "the use of, and belonging to, the county".

Article 1667 provides that the County Auditor shall, in all counties containing a population of 110,000 or more, and in which are located improvement, navigation, drainage, road, irrigation or other character of districts having for its purpose the expenditure of public funds, have control of the finances of such districts. Article 1672 makes provision for the compensation to be paid the officer for his services in auditing the affairs of such districts.

In view of the fact that Limestone County does not have a population of 110,000, we are of the opinion that he is not entitled to the compensation provided in Article 1672. This is especially true in view of the fact that the finances of the districts are not funds for "the use of, or belonging to, the county" 185 S.W. 560 Houston National Exchange Bank vs. School District No. 25, Harris County.

Article 1672 has been repealed insofar as it relates to navigation districts having cities with a population of 100,000 or more, and, of course, this does not affect your county.

You are further advised that the sum of $2125. would be both the maximum and minimum salary for your County Auditor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cocke
Richard H. Cocke
Assistant

RHC:ob

This opinion has been considered in conference, approved, and ordered recorded.

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS